# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES HARVEY JR.,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10952** |
| **ROBERT HALL, ET AL**<br>**Defendants** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Plaintiff James Harvey Jr.[1] Defendants Robert Hall and Crete Carrier Corporation oppose the motion.[2] Plaintiff filed a reply.[3] For the reasons that follow, the motion for summary judgment is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff James Harvey Jr. alleges he suffered injury after Defendant Robert Hall reversed a tractor and trailer into Plaintiff's vehicle on September 19, 2016.[4] Defendant Crete Carrier Corporation is the employer of Defendant Hall.[5] It is undisputed that on September 19, 2016, Plaintiff traveled on Veterans Boulevard in Hammond behind Defendant Robert Hall.[6] It is undisputed that both vehicles took a right turn onto Seale Drive and then came to a stop.[7] The parties do not dispute that the vehicles were stopped for about fifteen seconds before Defendant Hall began to reverse.[8] Plaintiff alleges he suffered injury after Defendant Hall reversed his tractor and trailer into Plaintiff's

---

[1] R. Doc. 27.
[2] R. Doc. 29; R. Doc. 32 (Amended Opposition to Statement of Uncontested Material Facts).
[3] R. Doc. 38.
[4] R. Doc. 1-2 at ¶¶3-5.
[5] R. Doc. 29 at 1.
[6] R. Doc. 27-2 at 1; R. Doc. 32 at 1.
[7] R. Doc. 27-2 at 1; R. Doc. 32 at 1.
[8] R. Doc. 27-2 at 1; R. Doc. 32 at 1.

1

vehicle.[9] Defendants contend a collision never occurred.[10] Plaintiff moves for partial summary judgment on the issue of his contributory negligence, asking the Court to find Defendants solely and solidarily liable for the injuries he sustained as a result of the collision with the reversing tractor and trailer.[11]

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the non-moving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[16]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of

---

[9] R. Doc. 1-2 at ¶¶3-5.
[10] R. Doc. 27-2 at 2; R. Doc. 29-2 at 1; R. Doc. 32 at 2.
[11] R. Doc. 27.
[12] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[13] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[18] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[19] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose

---

[17] *Celotex*, 477 U.S. at 322–24.
[18] *Id.* at 331–32 (Brennan, J., dissenting).
[19] *See id.* at 332.
[20] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[21]

"Summary judgment is ordinarily (but not always) inappropriate when the issue involves negligence or contributory negligence."[22] The Fifth Circuit recognizes that "even where there is no dispute as to the facts, it is usually for the jury to decide whether the conduct in question meets the reasonable man standard."[23] Generally, "[i]ssues that require 'the determination of the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case, cannot ordinarily be disposed of by summary judgment.'"[24]

## **LAW AND ANALYSIS**

Louisiana employs a comparative fault analysis in tort cases.[25] Article 2323 of the Louisiana Civil Code provides, "[i]f a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury."[26] The driver of a vehicle that is struck by a reversing vehicle may be partially at fault.[27]

---

[21] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[22] *Matthews v. Ashland Chem.*, 703 F.2d 921, 925 (5th Cir. 1983) (citing 10 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, § 2729 (2d ed. 1983)).
[23] *Id.* (quoting WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE at p. 217).
[24] *Id.* (quoting *Gross v. S. Ry. Co.*, 414 F.2d 292, 296 (5th Cir.1969)).
[25] La Civ. Code Art. 2323.
[26] La Civ. Code Art 2323.
[27] *Ward v. Schwegmann Giant Super Markets, Inc.*, 538 So.2d 1051, 1052 (La. App. 4 Cir. 1989); *Mace v. Turner*, 2018 WL 3479226, at *13 (La. App. 3d Cir. 2018); *see also Gordon v. United States*, 1992 WL 46319, at *2 (E.D. La. 1992).

"A motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances."[28] Professional drivers, such as truck drivers, are held to a higher standard of care related to their operation of a vehicle.[29] Generally, the duty of a backing motorist is one of great care and attention.[30] Louisiana Revised Statute § 37:281(A) provides that "[t]he driver of a backing vehicle shall not back the same unless such movement is made with reasonable safety and without interference with other traffic." However, "[a] driver has a duty to drive defensively from the time the driver witnesses negligent operation of another vehicle or notices other hazards posing the potential for resulting damage. That duty may include the duty to slow down or otherwise avoid risks posed by a vehicle ahead."[31]

The parties do not dispute that a truck driven by Defendant Hall executed a backing maneuver on September 19, 2016 and that a vehicle driven by Plaintiff was located behind the truck at that time.[32] The parties dispute whether the two vehicles collided.[33] Plaintiff testified that a collision occurred, and in deposition, Plaintiff identified pictures depicting the property damage to his vehicle.[34] Defendant Hall stated that he did not observe any evidence that a collision occurred.[35] The parties dispute

---

[28] *Edwards v. Horstman*, 687 So.2d 1007, 1011 (La. 1997) (citing *Culpepper v. Leonard Truck Lines, Inc.*, 208 La. 1084, 24 So.2d 148 (1945)).
[29] *Davis v. Witt*, 851 So.2d 1119, 1128 (La. 2003).
[30] *Hixon v. Lockhart*, 2004 WL 258121, at *5 (E.D. La. Feb. 11, 2004).
[31] *Edwards*, 687 So.2d at 1011 (citing *Miller v. Coastal Corp.*, 635 So.2d 607 (La. App. 3d Cir. 1994); *Hebert v. Lefty's Moving Serv.*, 389 So.2d 855 (La. App. 4th Cir. 1980).
[32] R. Doc. 27-2 at 1; R. Doc. 32 at 1.
[33] R. Doc. 27-2 at 2; R. Doc. 32 at 2.
[34] R. Doc. 27-5 at 3; R. Doc. 38-1 at 2.
[35] R. Doc. 29-1 at 2.

whether Plaintiff honked his horn after Defendant Hall began to reverse.[36] Plaintiff testified that he honked his horn.[37] Defendant Hall did not hear a car horn.[38]

Plaintiff argues he was not contributorily negligent and that Defendant Hall was solely at fault for the accident because of Hall's position as the reversing vehicle and his status as a professional truck driver.[39] Plaintiff argues that Defendants cannot point to any act or omission by Plaintiff that contributed to the accident.[40] Defendants argue that if a collision occurred, Plaintiff was contributorily negligent because he stopped in the blind spot of Defendant Hall's truck and could have reversed to avoid the collision or sounded his horn to alert the reversing truck.[41] Plaintiff testified that he stopped five feet behind Defendant's truck and that another 18-wheeler stopped about five feet behind him.[42] Plaintiff could not recall whether he could see either outside mirror on the truck in front of him.[43] Defendant Hall testified that he checked his mirrors before reversing and saw only another truck approximately twenty feet behind him.[44]

A determination of whether Plaintiff was contributorily negligent depends on a resolution of these factual disputes. Summary judgment is generally inappropriate on issues of negligence or contributory negligence.[45] "[E]ven when there is no dispute as to the facts, it is usually for the jury to decide" whether a party was negligent or contributorily negligent.[46] Genuine issues of material fact exist as to whether a collision

---

[36] R. Doc. 27-2 at 2; R. Doc. 32 at 2.
[37] R. Doc. 27-5 at 2.
[38] R. Doc. 29-1 at 1.
[39] R. Doc. 27-3.
[40] R. Doc. 27-3 at 5.
[41] R. Doc. 29 at 7.
[42] R. Doc. 29-1 at 4-5.
[43] R. Doc. 27-5 at 3.
[44] R. Doc. 29-1 at 1.
[45] *Matthews*, 703 F.2d at 925 (5th Cir. 1983) (citing WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2729).
[46] *Id.* (quoting Wright, Federal Practice and Procedure at p. 217).

occurred, whether Plaintiff honked his horn, and whether Plaintiff was contributorily negligent. Plaintiff's motion for summary judgment is denied.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Plaintiff James Harvey Jr.[47], is **DENIED.**

**New Orleans, Louisiana, this 1st day of November 2018.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[47] R. Doc. 27.