UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES HARVEY JR.,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10952** |
| **ROBERT HALL, ET AL.,**<br>    Defendants | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion in limine filed by Plaintiff James Harvey Jr.[1] Plaintiff seeks to exclude any evidence suggesting that Plaintiff's bilateral facet arthropathy and L5-S1 disk bulge were not caused by the subject accident.[2] The motion is opposed.[3] Plaintiff filed a reply.[4] For the reasons that follow, the motion is **DENIED**.

Plaintiff James Harvey Jr. alleges he suffered injury after Defendant Robert Hall reversed a tractor and trailer into Plaintiff's vehicle on September 19, 2016.[5] Plaintiff was also involved in a prior accident, which resulted in injuries.[6] Plaintiff seeks to exclude any mentioning, questioning, suggesting, or putting on any evidence that Plaintiff's injuries were not caused by the subject accident.[7] Plaintiff argues that any evidence suggesting his injuries were not caused by the subject accident would be unfairly prejudicial and could not be relevant to this Court's determination of causation and damages because of Louisiana's *Housley* presumption.[8] Defendants argue that evidence suggesting Plaintiff's

---

[1] R. Doc. 26.
[2] *Id.*
[3] R. Doc. 28.
[4] R. Doc. 35.
[5] R. Doc. 1-2 at ¶¶3-5.
[6] R. Doc. 26-1 at 1; R. Doc. 28-1 at 1.
[7] R. Doc. 26-1 at 4.
[8] R. Doc. 26-1 at 2-4.

1

injuries were not caused by the subject accident is relevant both to causation and credibility.[9]

Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action.[10] Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."[11] "Unfair prejudice," as used in Rule 403, is not to be equated with testimony simply adverse to the opposing party.[12] "Relevant evidence is inherently prejudicial; however, it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter."[13]

In *Housley v. Cerise*, the Louisiana Supreme Court established a presumption of causation to aid plaintiffs in negligence cases.[14] The presumption applies if the plaintiff can establish that: (1) he or she was in good health prior to the accident; (2) subsequent to the accident, symptoms of the alleged injury appeared and continuously manifested themselves thereafter; and (3) there is a reasonable possibility that a causal connection exists between the accident and the alleged injury.[15] Where applicable, the presumption shifts the burden of proof on causation to the defendant.[16] The Defendant can defeat the *Housley* presumption by showing that another particular incident could have caused the injury in question.[17]

---

[9] R. Doc. 28 at 3.
[10] FED. R. EVID. 401.
[11] FED. R. EVID. 403.
[12] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) (citing *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir.1977)).
[13] United States v. McRae, 593 F.2d 700 (5th Cir. 1979).
[14] *Housley v. Cerise*, 579 So. 2d 973 (La. 1991).
[15] *Id*. at 980.
[16] *See, e.g., Poland v. State Farm Mut. Auto. Ins. Co.*, 885 So. 2d 1144, 1151 (La. App. 1 Cir. 2003).
[17] *See Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 761 (La. 1995).

Evidence suggesting that Plaintiff's bilateral facet arthropathy and L5-S1 disk bulge were not caused by the subject accident is relevant and highly probative with respect to the issue of causation and is not unfairly prejudicial. Even if the *Housley* presumption applies,[18] Defendant is entitled to rebut the presumption. To do so, Defendant is permitted to show that another particular incident could have caused the injury in question.[19] While such evidence may not be favorable to Plaintiff, it is not "unfairly prejudicial" as contemplated by Rule 403.[20] The prejudicial nature of such evidence is not outweighed by its probative value.

Accordingly;

**IT IS ORDERED** that Plaintiffs' motion in limine to exclude evidence disputing causation of plaintiff's injuries be and hereby is **DENIED.**[21]

**New Orleans, Louisiana, this 5th day of November, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] Neither party has requested the Court to apply the *Housley* presumption.
[19] *Maranto*, 650 So.2d at 761.
[20] FED. R. EVID. 403.
[21] R. Doc. 50.